NEW-YORK , Sept. 1822.

The People, vs. Orrin J. Fer- ris.

---

The People, *vs.* Orrin J. Ferris. *Motion to Bail.*

THE prisoner was charged with Grand Larceny, for
stealing from the store of Haggarty & Austin, a large
quantity of very valuable goods and merchandise. He
was arrested, in company with others, on Ward's Island,
about the close of the last term of this Court, and brought
to New-York and committed for trial.

The general rule is, when a prisoner is found in the actual posses- sion of stolen goods, he can- not be bailed.

*Price*, his counsel, not being ready for trial, applied to
the Court, by motion for an order to bail him.

*Maxwell, District Attorney,* opposed the motion.

NEW-YORK
Sept, 1822.

The People
*vs.*
Orrin J. Ferris.

*By the Court.* "Ferris is one of the gang of felons "that for some time past have infested the city and vicin-"ity ; carrying their plunder and the fruit of their crimes, "to that well known establishment, Ward's Island, in the "East River, above the city. By the vigilence of the "police officers of this city, this nest of depredators and "thieves has been broken up and some of them convicted. "They were found in the actual possession of large quan-"tities of stolen property. Now, the practice of this "Court has been, when a person was found in the pos-"session of the articles stolen, not to bail him. This has "been our constant practice, and we can see no good "cause to alter it in reference to the prisoner. It is a gen-"eral rule that embraces the case before us ; we therefore "refuse the motion."

NOTE.—Formerly bail was taken for every species of crime: for Treason and Felonies of every description. Prisoners for these crimes were admitted to bail before conviction. This practice was found as inconvenient as it was dangerous, and the statute 1. 3. Edw. I. c. 15. was passed, and also the statutes 23 Hen. VI. c. 9., and the 1 and 2 P. and Mar. c. 13., which have successively and materially altered and reformed the common law as to taking bail. Under these statutes, Sir Wm. Blackstone reckons 10 descriptions of felons not entitled to bail : 3 descriptions of persons whom the magistrate may bail or not : he having a discretion to grant it or refuse it, and three descriptions of persons that *must* be bailed upon offering sufficient surety.

In the first list he classes
1. Treason.
2. Murder.
3. Manslaughter, if the prisoner be clearly the slayer.
4. Commitment for felony and afterwards breaking prison.
5. Persons outlawed.
6. Such as have abjured the realm.
7. Approvers.
8. Persons taken with the mainor.

9. Persons charged with arson.

10. Persons excommunicated.

These, he says, cannot be bailed by the *Magistrates*. The last description of persons, it will be seen, cannot exist in the United States.

Those bailable in the *discretion* of the magistrate are :

1. Thieves, known to be such.

2. Those persons charged with felonies not before enumerated, or offences great and manifest, not having good character.

3. Accessories to felony who labor under want of character.

These persons are or are not to be bailed, at the discretion of the magistrate, to be exercised upon a fair and impartial view of the case, from the examination of the felon, and other evidence before him.

The third and last class in those descriptions of persons are

1. Those who have a good reputation and are charged with bare suspicion of manslaughter or any other inferior grade of homicide.

2. Those charged with petit larceny or any felony not included in either of the other two classes,

3. Those charged with being accessory to any felony.

These last descriptions of persons *must* be bailed if sufficient surety is offered to the magistrate.

These statutes have regulated the doctrine of bail in Great Britain, and are in force in New York. The following authorities under them are referred to. 1 Salk. 104 : 2 Str. 911 : 1 Str. 402 : 2 Str. 1138 : 2 Str. 1242 : 4 Burr. 2199.